REDMANN, Judge,
concurring.
Under La.R.S. 7:62 (N.I.L. § 62), a bank which pays (or merely accepts) a check drawn upon itself “admits . . . the genuineness of [the drawer’s] signature . The bank cannot recover from a forwarding bank, Security State Bk. & Tr. Co. v. First Nat. Bank, La.App. 2 Cir. 1941, 199 So. 472 (or from any one except for breach of the warranty of N.I.L. § 65(4) or U.C.C. § 3-417(l)(b)).
La.R.S. 6:67, the charge-back provision, provides an exception to the rule of R.S. 7:62. But unless a bank shows that it has charged back an item payable through itself by midnight of the business day following the day on which it gave credit, it may not charge back at all. That each branch of a bank is “deemed a separate bank” for our purposes, R.S. 6:68A(3), at best means that the charge-back period runs from the day after the drawee branch gives credit to the collecting branch.
Defendant has not shown that it charged back within the limited period allowed by R.S. 6:67, and therefore, under R.S. 7:62, it cannot contest the genuineness of the drawer’s signatures on the items in question.